UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

North American Composites Company,    Case No. 17-cv-61 (PAM/HB)

             Petitioner,

v.    **MEMORANDUM AND ORDER**

Faye Reich,

             Respondent.
_____

This matter is before the Court on Petitioner North American Composites Company's ("NAC") Motion to Confirm Arbitration Award and Respondent Faye Reich's Motion to Vacate Arbitration Award. For the following reasons, NAC's Motion is granted and Reich's Motion is denied.

**BACKGROUND**

NAC is a national distributor of composite raw material and equipment to the composites industry. (Pet. (Docket No. 1-1) Ex. A ¶ 1.) Reich worked for NAC as a sales representative in California from 1999 until she resigned in August 2014. (Id. Ex. D at 2.) In the middle of her employment, Reich executed an employment agreement with NAC in return for a raise. (Id. Ex. A at Exs.1-2.) That agreement contained an arbitration clause which required Reich and NAC to arbitrate any disputes involving money damages. (Id.)

Nine months after resigning, Reich informed NAC that she intended to sue NAC because her supervisor, Noel Rofoli, sexually harassed her during her employment. (Id. Ex. A ¶ 22.) NAC twice reminded Reich about the arbitration agreement, allowing her

the opportunity to commence arbitration in California. (Id. Ex. B at 2.) Reich refused to commence arbitration, so NAC filed a demand for arbitration with the American Arbitration Association and also filed a lawsuit in the District of Minnesota seeking to compel arbitration. (Id. Ex. A.) Reich subsequently filed a lawsuit in California Superior Court against NAC, its parent company, and Rofoli. (Id. Ex. C at 2.)

On February 5, 2016, the Honorable Patrick J. Schiltz granted NAC's motion to compel arbitration and ordered Reich to arbitrate the validity of the arbitration clause, as well as her claims against NAC if the arbitration clause was valid. N. Am. Composites Co. v. Reich, No. 15cv3537, 2016 WL 471353, at *3 (D. Minn. Feb. 5, 2016) (Schiltz, J.). Judge Schiltz also stayed Reich's lawsuit in California. (Id.)

The arbitrator determined that the arbitration clause was valid and specifically concluded that it was not unconscionable. (Pet. Ex. B at 1-2.) The parties then proceeded to arbitrate the merits of their dispute. During the arbitration, Reich filed a counterclaim that simply attached her California state court complaint. (Id. Ex. C.)

On November 18, 2016, the arbitrator issued an arbitration award in NAC's favor. (Id. Ex. D at 1.) Although the arbitrator found that it was more likely than not that Rofoli sexually harassed Reich, the arbitrator also found that NAC exercised reasonable care to prevent and correct any sexual harassment by maintaining a written anti-harassment policy. (Id. at 4.) The arbitrator further found that Reich unreasonably failed to take advantage of NAC's anti-harassment policy because she did not report the harassment to anyone at NAC, and instead indicated that she was resigning with many pleasant

2

memories. (Id. at 3.) Based on these findings, the arbitrator concluded that NAC was not liable for sexual harassment and dismissed Reich's counterclaim. (Id. at 4.)

On January 26, 2017, NAC filed its Motion to Confirm Arbitration Award. On February 17, 2017, Reich filed her Motion to Vacate Arbitration Award.

**DISCUSSION**

Under the Federal Arbitration Act ("FAA"), a court must grant a motion to confirm an arbitration award unless the award is vacated, modified or corrected. 9 U.S.C. § 9. A court may only vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). A court has "no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." Med. Shoppe Int'l, Inc. v. Turner Invs, Inc., 614 F.3d 485, 488 (8th Cir. 2010) (citation omitted). Likewise, claims "that the arbitrator disregarded the law, are not included among those specifically enumerated in § 10 and are therefore not cognizable." Id. at 489.

Reich does not claim any corruption, fraud, partiality, or prejudicial misbehavior on behalf of the arbitrator. And although Reich attempts to disguise her argument by claiming that the arbitrator exceeded his authority, what Reich really argues is that the

3

arbitrator's award "exhibited a manifest disregard for the applicable law." (Resp.'s Supp. Mem. (Docket No. 24) at 2.) Specifically, Reich argues that the arbitrator used outdated legal standards, did not consider significant portions of federal and state law, and failed to impute Rofoli's harassing behavior to NAC. (Id. at 4-9.) Reich also repeats her argument that the arbitration clause is unconscionable. (Id. at 9-15.) These arguments, however, are merely disagreements with the arbitrator's factual and legal analysis and are not grounds to vacate an arbitration award under the FAA. Absent any legitimate claim that the arbitrator exceeded his authority, the arbitration award must be confirmed.

Finally, NAC asks the Court to award it attorney's fees because it contends that Reich acted in bad faith. As stated at the hearing, the Court declines to award NAC attorney's fees.

**CONCLUSION**

There is no basis on which to vacate the arbitration award and it must therefore be confirmed. Accordingly, **IT IS HEREBY ORDERED that**:

1. NAC's Motion to Confirm Arbitration Award (Docket No. 10) is **GRANTED**; and
2. Reich's Motion to Vacate Arbitration Award (Docket No. 23) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 11, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge